**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Salvador CEJA–LOPEZ, aka Salvador Ceja–Ceja aka Salvador Ceja, Jr.,**
**Defendant—Appellant.**

No. 03–10203.

D.C. No. CR 02–0624 ROS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided July 7, 2004.

Joseph Edward Koehler, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

James S. Park, Park & Wilson, PLC, Phoenix, AZ, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Salvador Ceja–Lopez appeals from the judgment of conviction on a two-count indictment for attempted reentry after deportation, and illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). He also appeals from the sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the conviction, but vacate the sentence and remand for resentencing. Ceja–Lopez raises two contentions on appeal. We address each seriatim.

### I

■ Ceja–Lopez first contends that his plea of guilty should be vacated because the district court did not comply with the requirements of Federal Rule of Criminal Procedure 11 in taking and accepting his plea. We review this contention for plain error because Ceja–Lopez did not object to the plea colloquy in the district court, and we reject it. Even assuming arguendo that the magistrate judge did not correctly explain each of the elements of each count, or failed to establish a complete factual basis for the plea to each count, Ceja–Lopez has not explained how either alleged Rule 11 failure prejudiced him.[1] In order to show prejudice under the plain error standard, as applied to a Rule 11 proceeding, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, — U.S. ——, 124 S.Ct. 2333, 2339, 159 L.Ed.2d 157 (2004). The burden is on the defendant to show that he is entitled to relief for plain error. *Id.* Here, Ceja Lo-

pez has not made that showing. Because we find no prejudice, this contention fails.

### II

■ Ceja–Lopez also contends that the district court erred in sentencing him for both attempted reentry and for entering and being found in the United States. In *United States v. Palafox*, 764 F.2d 558, 562 (9th Cir.1985) (en banc), we held that "when more than one offense arises under [21 U.S.C.] § 841(a)(1) from a single criminal undertaking involving drugs, and each offense is committed at virtually the same time, in the same place, and with the same participants, the punishments should not be compounded." On appeal, the government concedes that Ceja–Lopez's offenses of attempted reentry and illegal reentry are component offenses within the same statute, and that they arise from the same set of events; accordingly, the district court erred in sentencing him on both counts. *See also United States v. Sanchez–Vargas*, 878 F.2d 1163, 1167–72 (9th Cir.1989) (holding that the defendant could not be sentenced for both bringing an alien into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A), and transporting an alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(B), where both acts arise out of the same transaction); *United States v. Ortiz–Martinez*, 557 F.2d 214, 216–17 (9th Cir.1977) (holding that the defendant could not be sentenced for both illegal entry, in violation of 8 U.S.C. § 1325, and illegal reentry, in violation of 8 U.S.C. § 1326, for a single act of reentering the United States). Nothing in the legislative history of § 1326 indicates that Congress intended to au-

---

1. Because the parties are familiar with the facts and the proceedings before the magistrate judge and the district judge, we do not recite them here, except to the extent necessary to explain our reasoning.

thorize "pyramiding of punishment," *Ortiz–Martinez*, 557 F.2d at 216, for attempted reentry and entering and being found in the United States. Ceja–Lopez's sentence must therefore be vacated and, on remand, he should be resentenced only on one count.

For the foregoing reasons, the judgment of conviction is **AFFIRMED**; the sentence is **VACATED** and the case **REMANDED** to the district court for resentencing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

