**Thomas Patrick KEATING, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22866.**

United States Court of Appeals
Ninth Circuit.
July 8, 1969.

Thomas P. Keating, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., George G. Rayborn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and ELY, Circuit Judges.

PER CURIAM:

Thomas Patrick Keating appeals from a district court order denying his motion to vacate sentence, made pursuant to 28 U.S.C. § 2255 (1964).

In 1964, Keating was charged, in two counts, with robbing a savings and loan association on November 4, 1963, in violation of 18 U.S.C. § 2113(a) and (d) (1964), and with receiving the proceeds of that robbery in violation of 18 U.S.C. § 2113(c) (1964). In two other counts, he was charged with robbery of a national bank on November 12, 1963, and with receiving the proceeds of that robbery. A jury convicted him on all four counts. He was sentenced to fifteen years for each robbery count and ten years for each receiving count, the sentences to run concurrently. No appeal was taken from these convictions. In September, 1967, Keating filed this motion to vacate sentence. It was denied by the district court and this appeal followed.

Keating contends that, because of the trial court's failure to instruct the jury that they could not convict him of both stealing and receiving the same money, the jury illegally convicted him on all four counts. The resulting concurrent sentences, he asserts, are therefore invalid.

 A person may not validly be convicted of both robbing a bank and receiving the property which was stolen. Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773; Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. Thus, we need not inquire whether the trial court failed to give a necessary instruction. Whether it did or not, the convictions on all four counts, and the concurrent sentences which, on their face, would imprison Keating for a longer period than if he had been convicted only on the receiving counts, cannot stand.

 Were this an appeal from a criminal conviction, the proper remedy would be to grant a new trial. See Milanovich cited above. In a section 2255 proceeding, however, this is not necessarily required.

In this case the jury convicted Keating on the receiving counts as well as the robbery counts. It is not contended that the evidence is insufficient to support the conviction on the receiving count. The trial judge imposed a lesser sentence on the receiving counts (ten years) than on the robbery counts (fifteen years). Under these circumstances we believe the proper remedy is for the trial court to: set aside the convictions and sentences on the robbery counts and dismiss those counts of the indictment; set aside the sentences on the receiving counts; and resentence Keating on the receiving counts in such a way that the new sentences, consecutive or concurrent, will not aggregate more than ten years. See *Milanovich,* 365 U.S. at 551, 81 S.Ct. 728, where the difference in remedies in a section 2255 proceeding, and in a criminal appeal, was noted.

Reversed and remanded for further proceedings consistent with this opinion.