## UNITED STATES of America, Appellee,

v.

## Ernest DIXON, Appellant.

### No. 74–1530.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1974.

Decided Dec. 18, 1974.

Jack Nordby, St. Paul, Minn., for appellant.

Thorwald Anderson, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice,* and WEBSTER, Circuit Judge.

PER CURIAM.

Appellant Ernest Dixon was indicted[1] for the robbery of some $4,280.63 from the Produce State Bank of Hollandale, Minnesota, a village of 280 people. He was also charged with a second count of possession of that money, knowing it to have been stolen, in violation of 18 U.S.C. § 2113(c). A mistrial was declared on the robbery count when the jury could not agree, but Dixon was convicted on the possession count.

---

* Senior Circuit Judge Albert B. Maris of the Third Circuit is sitting by designation.

1. See also Harrington v. United States, 504 F.2d 1306 (1st Cir. 1974).

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. One Clark Rivera was also indicted with Dixon but subsequently pleaded guilty.

Dixon asserts two errors: (1) that, under United States v. Jones, 418 F.2d 818 (8th Cir. 1969), the trial judge erred in failing to give an instruction that the jury could not find Dixon guilty of both robbery and possession; and (2) that the instructions as to presumption of innocence, burden of proof, reasonable doubt, etc., were erroneous and that other tendered instructions were not given, resulting in prejudice. We affirm, distinguishing *Jones* and finding the instructions as given quite sufficient.

The facts are clear and convincing. Dixon remained in a waiting car while two other participants robbed the bank. They returned to the car with the money, and were driven away by him. Earlier, Dixon was observed in the car by a local bar owner living nearby, who recognized the car as that of Francisco Hernandez, an acquaintance. Later, the bar owner observed the car bound out of town with Dixon driving and Hernandez and another man in the rear seat; he saw the car stop and Hernandez took the driver's seat. Local police radioed an alert; the car was stopped by police officers in a nearby town, Faribault; and the stolen cash and firearms were found under the front seat. Hernandez and Rivera pled guilty. Hernandez testified for the Government.

■ It is, of course, hornbook law that where robbery and the lesser offense of possession are charged in the indictment, the jury must be told that the defendant cannot be guilty of both crimes. United States v. Jones, 418 F.2d 818 (8th Cir. 1969), relying upon Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961). In *Milanovich*, a conviction was had on both counts, and the Court concluded that "there [was] no way of knowing whether a properly instructed jury would have found the [defendant] guilty of larceny or of receiving (or, conceivably, of neither)." 365 U.S. at 555, 81 S.Ct. at 730.

Here, however, the jury convicted Dixon of possession and there was a mistrial on the robbery count. Since we know that the jury entered a guilty verdict on the possession count, no prejudice could result from an affirmance of that count.[2] *Cf.* United States v. Tyler, 466 F.2d 920 (9th Cir.), cert. denied, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972), where the court found no prejudice when larceny and possession were charged in the same indictment on the same facts but concurrent sentences were imposed. Moreover, while Dixon here acted only as an aider and abettor of the robbery by driving the getaway car, his receipt of a share of the stolen money may easily be conceptualized as a separate offense of possession.

■ As to the instructions given, Dixon seems to quibble over words. Certainly the substance of the requests were incorporated in the instructions given, and the omissions of which Dixon complains were included in the instructions at a subsequent point. Finally, Dixon objects to the omission of some adjectives and the addition of some restrictive words, but we believe such distinctions are of no significance, taking the instructions as a whole. While in Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 138, 99 L.Ed. 150 (1954), the Supreme Court indicated a preference for defining reasonable doubt as the kind that "would make a person hesitate to act . . . rather than the kind on which he would be willing to act," the Court did not reverse the judgment, and we shall not do so here. Nevertheless, we express dismay in having to once again draw the attention of district courts in this Circuit to the preferred instruction on reasonable doubt. *See* United States v. Williams, 505 F.2d 947 (8th Cir. 1974); United States v. Dunmore, 446 F.2d 1214, 1222 (8th Cir. 1971).

Affirmed.

2. We note that the Government indicates that it will move for a dismissal of the robbery count on the affirmance of this judgment.