**UNITED STATES of America, Plaintiff,**

v.

**Larry Bruce JOHNSON, Defendant.**

**No. CR 85–137–RE.**

United States District Court,
D. Oregon.

Dec. 17, 1985.

Charles H. Turner, U.S. Atty., Fredric N. Weinhouse, Asst. U.S. Atty., Portland, Or., for plaintiff.

Stephen R. Sady, Asst. Federal Public Defender, Portland, Or., for defendant.

REDDEN, District Judge:

Defendant was tried on a two count indictment charging bank robbery, 18 U.S.C. § 2113(a) and knowing possession of funds taken from a bank, 18 U.S.C. § 2113(c). The jury acquitted him of the robbery, but convicted him on the possession count. He now moves this court for acquittal on the knowing possession charge or, in the alternative, for a declaration that the knowing possession conviction was one for a misdemeanor. Defendant also seeks a new trial, again as an alternative.

Because I grant the motion for acquittal I decline to rule on the alternative motions to declare the conviction one of a misdemeanor. I deny the motion for new trial.

BACKGROUND

On August 5, 1985, the United States National Bank, Tigard, Oregon branch was robbed by two individuals. One robber appeared to be a black male, and the other appeared to be a white male, disguised as black. The government contends that Larry Bruce Johnson was the black male who was directly involved in the bank robbery.

Johnson was arrested during the afternoon of the day of the robbery. His arrest resulted from the observations of two witnesses who were outside of the bank when the robbers exited. Suspicious of the conduct and dress, the witnesses wrote down the license number of the Honda automobile which those two occupied. That license number was traced to one Eugene Marzolf who resided at a Southwest Corbett Street address. A similar Honda, with the same license number, was observed near that address and surveillance was instituted. Marzolf left the residence, entered the Honda and then left it in favor of a Subaru, in which he departed the Corbett Street address. Surveillance continued. Marzolf proceeded to a Southeast Insley address and entered that residence. He then left, accompanied by Johnson. Both left in the Subaru which was subsequently stopped by the police. Johnson was searched. A large amount of cash was found on his person, including bait bills from the earlier robbery in Tigard. A hat and shirt, similar to the ones worn during the robbery, were also found in the Subaru.

Johnson denied his participation in the bank robbery. He explained his possession

of the particular funds by testifying that he had received the money for marijuana sold to individuals at the Insley Street address. His defense was that although he possessed the money, he did not do so knowing that it had been unlawfully taken from the bank.

DISCUSSION

### The Motion for Acquittal

Mr. Johnson moves for an order pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure granting acquittal on the knowing possession count. He argues that there was insufficient evidence offered for any rational trier of fact to find, beyond a reasonable doubt, that he knew the money in his possession had been stolen from a bank. Evidence was lacking and the legislative intent of 18 U.S.C. § 2113(c) does not comprehend the result.

The only evidence of Johnson's guilt on the possession charge was evidence that he robbed the bank and therefore must have known the source of the dollars. There was sufficient evidence for a rational trier of fact to conclude that Johnson was one of the bank robbers, but this jury did not find that the evidence proved Johnson's guilt beyond a reasonable doubt. They found him not guilty.

The eye witness who saw the robbers enter the Honda also identified a photo throwdown in court and subsequently identified the defendant in open court. A bank teller who did not succeed in picking defendant out of a throwdown was strong in her identification of him during both pretrial proceedings and the trial itself. However, as indicated, the jury rejected this evidence in finding that the defendant was not one of the bank robbers. There was no other additional evidence that Johnson knowingly possessed the stolen funds. Having found him not guilty of the robbery, the jury necessarily relied upon speculation in concluding that he knew the funds were those which came from the bank robbery. Counts of robbery and possession can be brought in the same indictment. *United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).

However, a jury finding a defendant guilty of robbery must return their verdict without determining the guilt or innocence of that defendant on the possession charge. This is because the legislative intent and judicial history of § 2113(c) rejects the concept that prosecutors are given two opportunities to convict a defendant for a single criminal act.

*Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) establishes that 18 U.S.C. § 2113 does not allow multiple punishment for a single action. In *Heflin*, the defendant had been convicted under both section (d) (using force in a bank robbery) and section (c) (knowing possession). He was sentenced consecutively on these charges. The United States Supreme Court disallowed the consecutive sentences, finding that pyramiding of penalties was not the intent of Congress. Rather, section (c) had been enacted to punish another class of wrongdoers: receivers. The *Heflin* Court concluded:

> This clue to the purpose of Congress argues strongly against the position of the Government. From these Reports it seems clear that subsection (c) was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber. We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery. It may be true that in logic those who divide up the loot following a robbery receive from robbers and thus multiply the offense. But in view of the legislative history of subsection (c) *we think Congress was trying to reach a new group of wrongdoers*, not to multiply the offense of the bank robbers themselves.

*Heflin*, 358 U.S. at 419–20, 79 S.Ct. at 453–54 (emphasis added).

This case is not identical to *Heflin*, but the legislative policy and intent is similar. Here, the issue is not multiple punishment for a single action, but rather multiple exposure to punishment for a single action. The fact is that Congress was trying to reach a new group of wrongdoers by add-

ing section (c) to § 2113. They were not giving a prosecutor a second opportunity to obtain a conviction of a person suspected of bank robbery. Certainly, alternative counts against a defendant may be brought on the theory that if he was not the bank robber, he may have been a knowing receiver of the money. However, such an alternative theory was eschewed by the prosecution in this case. No evidence or argument was presented to support a rational finding that Johnson knew of the money's source, if he was not the bank robber. Therefore, presentation of the alternative count can only be a double attempt to convict for a bank robbery.

*United States v. Gaddis, supra,* supports this acquittal as well. It states:

> Receipt or possession of the proceeds of a bank robbery in violation of § 2113(c) is simply not a lesser included offense within the total framework of the bank robbery provisions of § 2113. Rather, § 2113(c) reaches a different 'group of wrongdoers,' i.e., 'those who receive the loot from the robber.'

*Gaddis,* 424 U.S. at 549, 96 S.Ct. at 1027. That case points out that there are many cases where alternative pleading is proper. However, it condones the alternative charge only where the prosecution claims that the defendant was a bank robber *or* a knowing receiver, not as a double-pronged attack on a suspected bank robber.

> Situations will no doubt often exist where there is evidence before a grand jury or prosecutor that a certain person participated in a bank robbery and also evidence that that person, *though not himself the robber,* at least knowingly received the proceeds of the robbery. In such a case there can be no impropriety for a grand jury to return an indictment or for a prosecutor to file an information containing counts charging violations of 18 U.S.C. § 2113(a), (b) or (d), as well as of § 2113(c).

*Gaddis,* 424 U.S. at 551, 96 S.Ct. at 1028 (emphasis added).

The motion for acquittal is granted.

As earlier stated it is unnecessary to rule on the "misdemeanor motion" and I reject the motion for a new trial.