902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey L. SULLIVAN, Defendant-Appellant.
 No. 89-6090.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Defendant appeals his conviction for bank robbery and aiding and abetting bank robbery in violation of 18 U.S.C. Sec. 2113(a). He claims that he is entitled to a new trial because the evidence was insufficient to convict, and that the refusal to give an instruction on knowingly receiving stolen bank proceeds and the failure to provide him a copy of his codefendant's presentence report were reversible error. Finding no merit in any of these claims, we AFFIRM.
 
 
 2
 Defendant drove one Johnny Ray Frazier to the bank. Frazier entered the bank, told everyone he had a gun and wanted $20,000. He was given $2,000 and swiftly exited the bank. Defendant opened the door of the truck for Frazier. He acknowledged he saw the money bag when Frazier came out of the bank and got into the truck. He knew Frazier had robbed the bank. The truck, which was backed into its parking space, took off at a fast rate of speed before the door was even shut. There was evidence from which the jury could find that defendant and Frazier split the money, $700 to Frazier and $1,300 to defendant. The evidence was clearly sufficient for the jury to find that defendant participated in the bank robbery or aided and abetted Frazier.
 
 
 3
 Defendant assigns as error the refusal of the District Court to instruct the jury on the offense of receiving stolen bank proceeds, asserting that it is a lessor included offense of bank robbery. It is not. United States v. Gaddis, 424 U.S. 544, 548 (1976) ("Receipt or possession of the proceeds of a bank robbery in violation of Sec. 2113(c) is simply not a lesser included offense within the total framework of the bank robbery provisions of Sec. 2113"). Under Schmuck v. United States, 109 S.Ct. 1443, 1450 (1989), "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." The asserted lesser included offense of receiving stolen bank funds requires an element not required for the greater offense of bank robbery, since one need not receive bank funds to be guilty of bank robbery. The lesser included offense instruction was properly refused.
 
 
 4
 Finally, defendant asserts that he was entitled to a copy of Frazier's presentence investigation report because it must have contained exculpatory evidence. Defendant claims that Frazier's version of the facts corresponded with defendant's testimony that he didn't know about the bank robbery until it had occurred. Yet Frazier apparently did not receive a two level enhancement for obstruction of justice as he should if he were giving false testimony. Defendant claims he could have presented to the jury that Frazier had not received a sentence enhancement to bolster the reliability of Frazier's testimony. The government points out that Frazier's statements attempting to exonerate defendant were provided to defendant's attorney or were part of the public record of Frazier's sentencing. Defendant called Frazier as a witness. Defendant had all the exculpatory evidence. How the probation department treated his testimony in its presentence report is irrelevant.
 
 
 5
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 6
 WELLFORD, Circuit Judge, concurring.
 
 
 7
 I concur in the result reached and in the reasoning of the court except that I do not read United States v. Gaddis, 424 U.S. 544 (1976), in its total context, as compelling the conclusion that the Sec. 2113(c) offense is not, or may not be, a lesser included offense with respect to 18 U.S.C. Sec. 2113(a) charges.
 
 
 
 *
 The Honorable Charels W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation