**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 91-4433
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MONDEE STRACENER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

Before SMITH and EMILIO M. GARZA, Circuit Judges, and RAINEY,[*]
District Judge.

JERRY E. SMITH, Circuit Judge:

I.

Mondee Stracener was charged in six counts of a twelve-count indictment and was convicted of all six counts, and this court affirmed his convictions. United States v. Dean, No. 86-2620 (Feb. 17, 1987) (per curiam) (unpublished). Stracener then presented a petition for writ of habeas corpus pursuant to 28

---

[*]     District Judge of the Southern District of Texas, sitting by designation.

U.S.C. § 2255, arguing, <u>inter alia</u>, that he had received ineffective assistance of counsel, that the prosecutor's improper comments warranted reversal, and that the government had failed to inform him that the main witness against him had been temporarily committed to a mental institution. A magistrate recommended partial relief, and the district court held that Stracener had received ineffective assistance of counsel when his trial attorney failed to object to jury instructions that allowed convictions for aiding and abetting aggravated bank robbery without requiring the jury to find that Stracener had specifically aided and abetted the aggravating element, in this case, use of a gun and kidnapping. The district court vacated Stracener's convictions on three counts and resentenced him on the lesser included offense of simple bank robbery.[1]

The district court adopted the magistrate's findings that the prosecutor's comments did not violate his constitutional rights or deprive him of a fair trial and that Stracener's allegations concerning the witness's mental illness were unsupported by the record. Stracener appeals the disposition of these three issues. Finding no error, we affirm.

---

[1] The district court vacated the following three convictions: (1) aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2 (count 6); (2) aiding and abetting kidnapping in the course of a bank robbery in violation of 18 U.S.C. §§ 2113(a) and (e) and 18 U.S.C. § 2 (count 7); and (3) aiding and abetting carrying a weapon during the commission of a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. These convictions could not stand because the jury was not instructed to determine whether Stracener had the intent that a weapon be used or that a kidnapping take place.

II.

Relying upon United States v. Milanovich, 365 U.S. 551 (1961), Stracener contends that the resentencing procedure put him twice in jeopardy. The defendant in Milanovich was convicted of both larceny and receiving stolen property. The Court held that these verdicts were inconsistent and reversed both convictions on the ground that "there is no way of knowing whether a properly instructed jury would have found the [defendant] guilty of larceny or of receiving (or, conceivably, of neither)." Id. at 555. Stracener relies upon the Court's dicta to suggest that a correctly instructed jury might have acquitted him, rather than finding him guilty of simple robbery. As pure dicta, the Court's parenthetical comment does not have binding force. Moreover, its reasoning has been undermined by subsequent cases.

This court consistently has held that Milanovich does not require a new trial when multiple overlapping convictions create double jeopardy. United States v. White, 440 F.2d 978 (5th Cir.), cert. denied, 404 U.S. 839 (1971). Moreover, when one of two inconsistent verdicts must be struck for other reasons, the Supreme Court has held that resentencing, not a new trial, is the proper remedy. United States v. Gaddis, 424 U.S. 544 (1975).

Milanovich applies only to inconsistent verdicts, not overlapping ones. In White, the defendant was convicted of violating section 2113(a) (entering bank with intent to rob) and section 2113(b) (larceny of bank). Since section 2113(b) was a lesser included offense of section 2113(a), the counts overlapped

3

but were not inconsistent. This court held that therefore Milanovich did not apply and that resentencing on one conviction only was the proper remedy. See also United States v. Mori, 444 F.2d 240, 245-46 (5th Cir.), cert. denied, 404 U.S. 913 (1971) (resentencing appropriate where defendant was convicted of two conspiracies that were found on appeal to be one).

In White, the defendant was convicted and sentenced separately for two offenses, one of which was a lesser-included of the other. In the instant case, Stracener was convicted of three aggravated offenses, which of necessity encompassed any lesser-included offenses. Since the convictions on the aggravated offenses, but not the lesser-included offense, were flawed, the district court properly vacated the flawed convictions, entered judgment on the lesser-included offense, and resentenced the defendant. See Tapp v. Lucas, 658 F.2d 383, 386 (5th Cir. Unit A Oct. 1981), cert. denied, 456 U.S. 972 (1982).

When one of two inconsistent verdicts must be struck for other reasons, resentencing is the proper remedy. In Gaddis, the defendants were convicted of robbery and receiving stolen property. No evidence was presented that the defendants received stolen property, however. Although the verdicts were inconsistent, the Court did not reverse both convictions. Instead, it simply vacated the conviction that was not supported by the evidence and the sentence under that count.

The Court in Gaddis found that resentencing did not usurp the jury's role, because, in light of the insufficient proof, the jury

4

properly could have convicted the defendants on only one count. <u>See also</u> <u>United States v. Nelson</u>, 574 F.2d 277, 282-83 (5th Cir.), <u>cert. denied</u>, 439 U.S. 956 (1978) (resentencing appropriate where verdicts inconsistent but jury note indicated jury's intent). Similarly, resentencing Stracener did not usurp the jury's role, because, in light of the faulty instructions, the jury properly could have convicted Stracener only for simple robbery in violation of section 2113(a).

Stracener was convicted under count 6 of violating sections 2113(a) and 2113(d). The jury instructions describing a violation of section 2113(d) were inaccurate, but the instructions describing a violation of section 2113(a) were correct. Under <u>White</u> and <u>Gaddis</u>, the proper remedy is resentencing, not a new trial.

## III.

After examining the record, we agree with the district court that the prosecutor's comments, in light of the admonitions by the trial court, did not deny Stracener a fair trial. Finally, Stracener's allegations concerning the witness's mental illness are conclusory allegations not supported in the record and thus do not raise a constitutional issue. <u>See</u> <u>Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir. 1983).

AFFIRMED.