**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4821

GARLAND RUFUS MAY,
          *Defendant-Appellant.*

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 01-4824

JENNIFER LOWE MAY,
          *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-71)

Submitted: June 6, 2002

Decided: August 23, 2002

Before WILKINS, MOTZ, and GREGORY, Circuit Judges.

---

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

---

**COUNSEL**

Sean P. Devereux, SEAN P. DEVEREUX, P.A., Asheville, North Carolina; Scott H. Gsell, Charlotte, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Richard L. Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Garland May and Jennifer May appeal their convictions and sentences for crimes arising from the robbery of three different federally-insured banks. Jennifer May was convicted of one count each of bank robbery, in violation of 18 U.S.C.A. § 2113(a) (West 2000); armed bank robbery, in violation of 18 U.S.C.A. § 2113(d) (West 2000); and using, carrying, and brandishing a handgun during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000). Jennifer's convictions were related to the robbery of the First National Bank in Shelby, North Carolina on June 12, 2000. Garland May was convicted of two counts of bank robbery, in violation of 18 U.S.C.A. § 2113(a) (West 2000); one count of bank larceny, in violation of 18 U.S.C.A. § 2113(b) (West 2000); one count of armed bank robbery, in violation of 18 U.S.C.A. § 2113(d) (West 2000); and one count of using, carrying, and brandishing a handgun during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000). Garland's convictions resulted from the robberies of the Bank of America in Gastonia, North Carolina, and the BB&T bank in Cherryville, North Carolina, both on August 9, 2000.

Jennifer May first contends that the evidence was insufficient to establish her guilt. A jury's verdict must be upheld on appeal if there

is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). We view the evidence in the light most favorable to the government, inquiring whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Jennifer May does not contest the fact that the robbery in question occurred, or the particulars of the crime. Her defense at trial and argument on appeal are essentially that this was a case of mistaken identity and she was not the robber. We have reviewed the record, which includes eyewitness testimony and bank surveillance videotape and photographs, and conclude that the evidence supported the jury's verdict that Jennifer committed the robbery and brandished a handgun during the robbery.

Jennifer May also contends that the district court erred in sentencing her to concurrent sentences for both bank robbery and armed bank robbery. She argues that because there was only one underlying bank robbery, her concurrent sentences under these counts are duplicitous. The Government agrees, stating that Jennifer's conviction under § 2113(a) is a lesser included offense of her conviction under § 2113(d). Jennifer May did not raise this argument before the district court. Therefore, our review of the district court's action is for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Walker*, 112 F.3d 163, 166 (4th Cir. 1997). We have long recognized that § 2113 defines a primary offense of bank robbery in § 2113(a), and both mitigated and aggravated forms of that crime in subsections (b) and (d). *See United States v. Shelton*, 465 F.2d 361, 363 (4th Cir. 1972); *see also United States v. Gaddis*, 424 U.S. 544, 547 (1976) (recognizing "merger" of convictions under § 2113(a) and § 2113(d) for same robbery). We therefore conclude that Jennifer's convictions under both § 2113(a) and (d) are duplicitous and her conviction and sentence for bank robbery under § 2113(a) must be vacated.

In his sole argument on appeal, Garland May asserts that the evidence was insufficient to establish that the item he carried in the robbery of the BB&T bank on August 9, 2000, was a real firearm, and therefore his conviction under § 924(c) must be vacated. The term "firearm," for purposes of § 924(c), is defined as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive." 18 U.S.C.A. § 921(a)(3)(A) (West 2000).

The evidence at trial consisted of the testimony of two witnesses from the bank, who described the item carried by Garland May during the robbery; they both testified that they firmly believed the item was a real firearm. The Government also presented evidence that the handgun and starter pistol seized from the Mays' residence met the definition of firearms under federal law. We conclude that this evidence was sufficient for the jury to find Garland May guilty of brandishing a firearm during the robbery of the BB&T bank on August 9, 2000. *See United States v. Redd*, 161 F.3d 793, 797 (4th Cir. 1998); *United States v. Hamrick*, 43 F.3d 877, 883 n.9 (4th Cir. 1995).

We accordingly affirm Garland May's convictions and sentence. We affirm Jennifer May's convictions of armed bank robbery and brandishing a firearm during a crime of violence under Counts Two and Three of the indictment, but vacate her conviction of bank robbery under Count One of the indictment, vacate her sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*