# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                              No. 03-4344

MICHAEL LAMONT POOLE,
       *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-01-193)

Submitted: March 12, 2004

Decided: May 18, 2004

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed in part and vacated in part by unpublished per curiam opinion.

## COUNSEL

Robert K. Trobich, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

After committing six independent robberies, Michael Lamont Poole pled guilty to one count of bank robbery, 18 U.S.C. § 2113(a) (2000), one count of armed bank robbery, 18 U.S.C. § 2113(d) (2000), and one count of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c) (2000), with respect to each of the six robberies. The district court imposed 188-month sentences on the twelve robbery counts, each count to run concurrently with each other; a seven-year sentence on the first § 924(c) count, to run consecutively with the robbery counts; twenty-five-year sentences on the remaining five § 924(c) counts, to run consecutively with each other and run consecutively with all other counts. Poole's sole argument on appeal is that bank robbery, 18 U.S.C. § 2113(a), is a lesser-included offense of armed bank robbery, 18 U.S.C. § 2113(d), and therefore his six convictions and subsequent concurrent sentences for bank robbery are multiplicitous and should be vacated.

The Government first asserts Poole's claim is waived but concedes that, if his claim is not waived, Poole's convictions and sentences for bank robbery are multiplicitous. The Government relies on Fed. R. Civ. P. 12(b)(2), which provides that defenses and objections based on defects in the indictment must be raised prior to trial. The Government therefore argues that Poole's failure to object to the indictment precludes him from objecting to the multiple convictions. *See also United States v. Broce*, 488 U.S. 563, 570 (1989) (noting that a guilty plea is an admission that defendant committed the crime charged against him; he is admitting guilt of a substantive crime).

A defendant who enters a guilty plea waives the right to raise a constitutional challenge to his conviction except in narrow circumstances. *United States v. Wiggins*, 905 F.2d 51, 52 (4th Cir. 1990); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Normally the inquiry is limited to whether the plea was counseled and voluntary. *Wiggins*, 905 F.2d at 52. An exception to this rule exists for double jeopardy claims, *Menna v. New York*, 423 U.S. 61, 63 (1975), at least where the double jeopardy problem is apparent from the face of the indictments without the necessity of further expanding the record. *Broce*, 488 U.S. at 575. An indictment charging a single offense in several

counts is multiplicitous, subjecting a defendant to a risk of multiple sentences for a single offense in violation of the Double Jeopardy Clause. *United States v. Colton*, 231 F.3d 890, 908 (4th Cir. 2000); *United States v. Mancuso*, 42 F.3d 836, 847 n.11 (4th Cir. 1984). Because on its face the superseding indictment exposed Poole to multiple sentences for a single offense, we conclude that Poole has not waived his claim of multiplicity on appeal.

It is well established that § 2113(a) is a lesser-included offense of § 2113(d). *United States v. Whitley*, 759 F.2d 327, 331 (4th Cir. 1985) (en banc) (citing *Prince v. United States*, 352 U.S. 322 (1957)). In fact, this court has long recognized that § 2113 defines a primary offense of bank robbery in § 2113(a), and both mitigated and aggravated forms of that crime in subsections (b) and (d). *United States v. Shelton*, 465 F.2d 361, 363 (4th Cir. 1972); *see also United States v. Gladdis*, 424 U.S. 544, 547 (1976) (recognizing "merger" of convictions under § 2113(a) and § 2113(d) for same robbery). After Poole was convicted pursuant to his guilty plea under both subsections (a) and (d) of 18 U.S.C. § 2113, for each of the six underlying offenses, the district court imposed sentences under all twelve counts, to run concurrently. Because Poole was charged with and convicted of both bank robbery and armed bank robbery for each underlying incident, the bank robbery convictions must be merged into the armed bank robbery convictions, respectively, for sentencing purposes. The district court therefore erred in imposing on Poole six separate 188-month sentences for bank robbery. *See United States v. Jones*, 204 F.3d 541, 544 (4th Cir. 2000) (concluding that defendant's cocaine possession conviction should have been merged into the possession with intent to distribute conviction and vacating separate twelve-month sentence for the lesser-included offense of possession of cocaine base).

Because we conclude that Poole's bank robbery convictions should have been merged into the armed bank robbery convictions, we vacate the six separate 188-month sentences for bank robbery. We affirm Poole's remaining convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND VACATED IN PART*