UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                        No. 00-4890

ANASTASHA SMITH,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                        No. 01-4089

RAYMOND MCGEE, a/k/a Raymond
Washington,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-00-668(DWS))

Submitted: March 12, 2002

Decided: April 1, 2002

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina; Cameron Bruce Littlejohn, Jr., Columbia, South Carolina, for Appellants. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anastasha Smith appeals her conviction by a jury of unarmed bank robbery and conspiracy to commit unarmed bank robbery, in violation of 18 U.S.C.A. §§ 371, 2113(a) (West 2000), and her seventy-one month sentence. Raymond McGee appeals his jury conviction of unarmed bank robbery and conspiracy to commit unarmed bank robbery and his 240-month sentence. Their attorneys jointly filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing the issues of whether the district court violated the rule of completeness as to a statement made by Smith, improperly penalized Smith for her silence at sentencing, and erred in a jury instruction. McGee filed a pro se supplemental brief raising additional issues. We affirm.

The first issue raised on behalf of Smith in the *Anders* brief is whether the district court erred in determining that the rule of completeness did not require the introduction into evidence of omitted portions of Smith's oral statement made to an FBI agent, which was redacted to remove references implicating McGee. Because the rule of completeness as codified in Fed. R. Evid. 106 applies only to writings or recorded statements and not to conversations, the rule of completeness is inapplicable to Smith's oral statement. *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). Therefore, the district

court did not abuse its discretion in overruling Smith's objection to the exclusion from evidence of the contested portions of her statements.

The next argument presented on behalf of Smith in the *Anders* brief is that the district court held Smith's silence against her at the sentencing hearing, in violation of *Mitchell v. United States*, 526 U.S. 314, 328-30 (1999) (holding that a defendant who pleads guilty retains the Fifth Amendment privilege against self-incrimination through the sentencing proceeding "with regard to factual determinations respecting the circumstances and details of the crime," but refraining from deciding whether a defendant's silence at the sentencing hearing "bears upon the determination of a lack of remorse."). At the sentencing hearing, Smith opted not to make a statement. Counsel stated Smith was remorseful. In commenting on Smith's sentence, the district court explicitly stated, "I did not decide to go up in this range because of anything that was said or wasn't said." (R. 44, Tr. 10-11.) Instead, the district court clearly based Smith's sentence on the evidence and the presentence report. Thus, the district court did not improperly consider Smith's silence.

The final issue raised as to both Smith and McGee in the *Anders* brief is that the district court erred by instructing the jury over defense counsel's objection, "[t]herefore, the testimony of a single witness which produces in your minds belief in the likelihood of truth beyond a reasonable doubt is sufficient for the proof of any fact and would justify a verdict in accordance with that testimony, even though a number of witnesses may have testified to the contrary." (R. 48, Tr. 6-7.) We review the content of a jury instruction for abuse of discretion. *See United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995). Contrary to Smith and McGee's assertion, this instruction did not impermissibly lessen the Government's burden of proof. Moreover, the district court instructed the jury numerous times that the Government had to prove the charges against the defendants beyond a reasonable doubt. Thus, we conclude that the district court did not abuse its discretion in giving this jury instruction.

McGee raises numerous additional issues in his pro se supplemental brief, including a blanket argument that counsel was ineffective during trial as to the issues raised in his brief and for failing to raise

the issues on appeal.* McGee's next claim relates to an unopposed motion by the Government, made during trial, to modify the indictment to charge the lesser included offenses of unarmed bank robbery and conspiracy to commit unarmed bank robbery in violation of §§ 371 and 2113(a). We reject McGee's contentions that the district court erred in granting the Government's motion and that the amendment deprived the district court of subject matter jurisdiction. *See* Fed. R. Crim. P. 31(c); *United States v. Gaddis*, 424 U.S. 544, 550 (1976); *United States v. Whitley*, 759 F.2d 327, 331 (4th Cir. 1985). Moreover, indicting McGee for armed bank robbery and conspiracy to commit armed bank robbery in violation of §§ 371, 2113(a), (d), put him on notice he could be convicted of the lesser-included offenses of unarmed bank robbery and conspiracy to commit unarmed bank robbery, in violation of §§ 371, 2113(a). *See United States v. Cobb*, 905 F.2d 784, 790-91 (4th Cir. 1990) (recognizing sufficiency of indictment is governed by practical concerns). Furthermore, the amendment narrowed the charges and lessened the potential maximum punishment, rather than broadening the charges. McGee presented no evidence demonstrating that he was surprised or prejudiced by the amendment or was prevented from presenting a full defense, and the amendment of the indictment did not expose McGee to double jeopardy. *See United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). Finally, the lack of objection to the indictment and failure to raise the issue on appeal do not amount to ineffective assistance of counsel that is conclusively demonstrated by the record sufficient to be considered on direct appeal.

McGee also attacks the sufficiency of the evidence to support his convictions and counsel's failure to raise the issue on appeal. We review a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the Government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence

*Claims of ineffective assistance of counsel may not be raised on direct appeal unless the record conclusively demonstrates counsel's representation was ineffective. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Accordingly, to the extent we decline to consider such claims in this proceeding, McGee may present them in an appropriate motion for post-conviction relief.

in the record is substantial, we examine whether there is evidence a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We must consider circumstantial as well as direct evidence and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Our reversal of a conviction on grounds of insufficient evidence is confined to cases in which the prosecution's failure is clear. *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984). After a review of the evidence presented at trial, we conclude that the Government presented sufficient evidence supporting McGee's convictions for his involvement in the bank robbery. Additionally, McGee's claim of ineffective assistance of counsel for failing to pursue this claim on appeal is not conclusively supported by the record, and, thus, is not reviewable in this appeal.

Next, McGee complains that references to McGee in Smith's statement to the FBI agent were replaced with references to "a friend" and "the friend," in violation of his rights under the Confrontation Clause, as articulated in *Bruton v. United States*, 391 U.S. 123, 126 (1968) (holding that a defendant's Sixth Amendment right to cross-examine witnesses against him is violated when the defendant is inculpated by an out-of-court statement by a non-testifying co-defendant that is admitted at their joint trial). In *Richardson v. Marsh*, 481 U.S. 200 (1987), however, the Supreme Court held the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession that has been redacted to eliminate the defendant's name and any reference to his existence where a limiting instruction is given, even though the statement is incriminating to the defendant when it is linked with other evidence introduced at trial. *Id.* at 211; *see also United States v. Vogt*, 910 F.2d 1184, 1191-92 (4th Cir. 1990) (holding that a co-defendant's confession is admissible when it is redacted to replace the defendant's name with a symbol or a neutral pronoun).

Because McGee did not object at trial to the admission of Smith's redacted statement or request a limiting instruction, our review is for plain error. *See United States v. Olano*, 707 U.S. 725, 732-37 (1993). We conclude that Smith's statement, standing alone, could not be

fairly understood to incriminate McGee. In addition, even assuming the admission of Smith's statement without a limiting instruction constituted *Bruton* error, the error did not affect McGee's substantial rights because other overwhelming evidence established McGee's guilt. *See Harrington v. California*, 395 U.S. 250, 254 (1969) (holding that an alleged *Bruton* violation is subject to harmless error review). Furthermore, because the redacted statement conformed with *Bruton* and *Richardson*, the record does not conclusively show counsel's performance fell below a reasonable standard for consideration of McGee's claim of ineffective assistance of counsel on appeal.

McGee also argues the district court erred when it denied Smith's motion to sever the trials. We review the trial court's decision to sever for abuse of discretion. *See United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992). Because co-conspirators should be tried together and McGee failed to make the requisite strong showing of prejudice, we conclude that the district court did not abuse its discretion in refusing to sever the trials. Moreover, McGee's trial counsel was not ineffective for declining to set forth a separate motion to sever or an objection to the denial of Smith's severance motion. *Id.*

McGee next contends prosecutorial misconduct violated his rights to due process and a fair trial. We find no such misconduct. Furthermore, we find the record does not conclusively show that defense counsel was ineffective during these proceedings in regard to the prosecutor's conduct.

McGee claims he was denied his right to present a defense when the district court sustained the Government's objection to a question about fingerprints posed to the FBI agent based upon hearsay and failure to lay a proper foundation. We conclude that the evidentiary ruling was not an abuse of the trial court's discretion. *See Bostian*, 59 F.3d at 480 (providing the standard of review). Further, although counsel could have resumed his line of questioning after laying the proper foundation, the record does not conclusively show he was ineffective in failing to do so.

Finally, McGee contends that Pritchard's presence in the courtroom during testimony of other witnesses violated the court's sequestration order, and he should not have been allowed to testify. No

objection was made to Pritchard's testimony; therefore, our review is for plain error. *Olano*, 507 U.S. at 732-37. We find no such error. McGee presents no evidence that Pritchard discussed the prior testimony or that his testimony was tainted by hearing the testimony of other witnesses. *United States v. Cropp*, 127 F.3d 354, 363 (4th Cir. 1997). Moreover, the record does not conclusively demonstrate counsel's representation was ineffective in his handling of this matter.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Smith's and McGee's convictions and sentences. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If either or both clients request that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the clients. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*