**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7294

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND MCGEE, a/k/a Raymond Washington,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief District Judge. (CR-00-668)

Submitted: April 28, 2004          Decided: June 4, 2004

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond McGee appeals the district court's denial of his motion for a new trial based on alleged juror bias. McGee was convicted of unarmed bank robbery and conspiracy to commit bank robbery and armed bank robbery in violation of 18 U.S.C. §§ 371, 2113(a), (d) (2000). Fourteen months after being sentenced and five months after we affirmed his convictions, see United States v. Smith, 2002 WL 482561 (4th Cir. Apr. 1, 2002) (Nos. 00-4809, 01-4089) (per curiam), McGee filed a motion for a new trial. McGee's motion alleged that one juror was biased against him at trial because of a previous disagreement between the two of them. The juror did not disclose this disagreement during jury selection. After conducting an evidentiary hearing at which McGee and two witnesses testified on his behalf, the district court denied McGee's motion for a new trial.

We review a district court's denial of a motion for new trial based on a juror's failure to fully disclose information during voir dire for an abuse of discretion, or a clear error of law in the exercise of that discretion. See City of Richmond v. Madison Mgmt. Group, Inc., 918 F.2d 438, 459 (4th Cir. 1990). In order to obtain a new trial "'a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause.'" Fitzgerald v. Greene,

- 2 -

150 F.3d 357, 362 (4th Cir. 1998) (quoting <u>McDonough Power Equip.,</u> <u>Inc. v. Greenwood</u>, 464 U.S. 548, 556 (1984)). In the absence of dishonesty, a criminal defendant may nevertheless establish a Sixth Amendment violation warranting a new trial by showing that a juror was actually biased against the defense. <u>Fitzgerald</u>, 150 F.3d at 362-63.

We conclude the district court did not abuse its discretion in finding McGee's and his witnesses' testimony implausible and in denying McGee's motion for a new trial. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>