**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Sullivan JOHNSON,
Defendant-Appellant.**

No. 83–5613.

United States Court of Appeals,
Eleventh Circuit.

Sept. 18, 1984.

Charles G. White, Miami, Fla., for defendant-appellant.

Gregory W. Kehoe, Linda Collins-Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and ATKINS *, District Judge.

TJOFLAT, Circuit Judge:

On April 7, 1983, George Sullivan Johnson, along with an unknown individual, robbed the Atlantic Federal Savings and Loan in North Miami Beach, Florida. After a jury trial, he was convicted of bank robbery, in violation of 18 U.S.C. § 2113(a) (1982) and 18 U.S.C. § 2 (1982).[1] He appeals, alleging multiple errors. We affirm.

I.

At about 3:30 p.m. on April 7, Johnson and his accomplice entered the bank together. They approached the teller cages. The accomplice asked the bank manager, who was at a teller window using a machine to balance accounts, for change for a dollar. The manager called a teller over to give the change. As the teller did so, the accomplice pulled a gun from his waistband and requested all the large bills in the teller drawer. Johnson, who was at all times standing beside the accomplice, ordered the bank manager to move away from the machine. The teller handed the bills from the drawer to the accomplice, including with them a special old fifty dollar bill that she had been saving with the words "Lucky 50" on it. In so doing, she triggered the bank camera and alarm. The accomplice stuffed the bills into his shirt. He and Johnson then left separately.

Immediately after the men left, the assistant cashier went to lock the front doors. As she did, an elderly woman came up to her and handed her a note with a description of a car she had just seen leaving the bank and its license tag number. The cashier gave the information to the police, who proceeded to the address to which the car was registered. Shortly after the police arrived, Johnson drove up in the car that the woman had described. He fit the rough description that the bank personnel had given of the robbers. The officers arrested him and put him in a squad car. Later that day, an officer found the "Lucky 50" bill under the seat of that squad car.

Shortly after the arrest, the police took Johnson to the bank for a show-up. The assistant cashier made an immediate identification because she had noticed when the two robbers entered the bank that one, Johnson, looked like Sammy Davis, Jr. The teller and bank manager could not make an identification at that time.

At trial, the bank manager, teller, assistant cashier, and investigating police officers testified. The prosecution also introduced bank camera photographs of Johnson leaving the bank, the "Lucky 50" bill, and the note the elderly woman gave the

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. 18 U.S.C. § 2113(a) (1982) provides in pertinent part:
   § 2113. Bank robbery and incidental crimes
   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
   Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
   18 U.S.C. § 2 (1982) provides:
   § 2. Principals
   (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
   (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

assistant cashier with the description of the car and the license number on it. The cashier and the teller identified Johnson in court; the teller explained her failure to identify him at the show-up by stating that she had been in shock at the time.

In the course of the trial, the parties noticed that the indictment contained an error, stating that the bank was insured by the Federal Deposit Insurance Corporation instead of the Federal Savings and Loan Insurance Corporation. The government moved the court to amend the indictment to state the latter instead of former. Over a defense objection, the court granted the government's motion.

In defense, Johnson took the stand and admitted that he was at the bank while the robbery took place but gave an innocent explanation for his presence. He stated that he and his girlfriend had been driving in the area, and she had wanted a soda. He had seen a soda machine on a corner but did not have change, so he drove along until he came to the bank and decided to get change there. He then stated that he entered the bank, saw the robbery taking place, walked out, and walked down the street still looking for a place to get change. He then decided to leave the area because he had a criminal record, and he returned to his car. As he passed the bank, he said that he saw a fifty dollar bill on the ground and put it in his pocket. Johnson's girlfriend then testified, confirming the story.

■ On appeal, Johnson challenges the sufficiency of the evidence to convict him, the existence of probable cause to arrest him, the admissibility of the teller's in-court identification and the note describing the getaway car, the propriety of the prosecutor's closing argument, the trial court's grant of the government's motion to amend the indictment, and its refusal to charge the jury on an alleged lesser included offense. Only the grant of the motion to amend the indictment merits discussion here; it is a question of first impression in this circuit.[2]

## II.

■ An indictment must definitely inform the accused of the charges against him "so that he may be able to present his

---

2. The evidence was plainly sufficient to allow a reasonable juror to conclude beyond a reasonable doubt that Johnson committed, or aided the commission of, the bank robbery. *See United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc) *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). The officers had probable cause to arrest Johnson; about half an hour after the robbery, he was driving a car that was seen leaving the scene of the crime right after the crime occurred, and he fit the rough description given of the robber. The facts were sufficient to warrant a man of reasonable caution to believe that Johnson committed the offense. *See United States v. Herzbrun,* 723 F.2d 773, 775 (11th Cir. 1984). The in-court identification was admissible; it was based on the teller's opportunity to observe Johnson at the time of the crime, which was substantially independent of the show-up. *See United States v. Mills,* 704 F.2d 1553, 1564 (11th Cir.1983). Defense counsel could, and did, attack the weight of the identification by pointing out the teller's prior failure to identify Johnson. The note describing the car was likewise admissible; it was offered for the nonhearsay purpose of explaining why the officers proceeded to Johnson's home to arrest him. It had no prejudicial hearsay value overcoming its pro-

bative nonhearsay value; Johnson admitted that his car was parked in front of the bank at the time of the robbery. The note did not contain any other incriminating information. It did not refer to the driver or any other occupant of the car or describe any actions. It only gave a description of an automobile. Nor did any other incriminating statements by the elderly woman come in. The prosecutor's argument was within the bounds of propriety. The court did not err in refusing to charge 18 U.S.C. § 2113(c) (1982), punishing possession of stolen bank money, as a lesser included offense because that section is not a lesser included offense. That section is aimed at "those who receive the loot from the robber," a different class of people than § 2113(a) addresses. *United States v. Gaddis,* 424 U.S. 544, 547, 96 S.Ct. 1023, 1026, 47 L.Ed.2d 222 (1976). Thus, the *Gaddis* Court stated, "Receipt or possession of the proceeds of a bank robbery in violation of § 2113(c) is simply not a lesser included offense within the total framework of the bank robbery provisions of § 2113." *Id.,* 424 U.S., at 548, 96 S.Ct. at 1026. *See also Sansone v. United States,* 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965) (lesser included offense exists only where "some of the elements of the crime charged themselves constitute a lesser crime.")

defense and [will not] be taken by surprise by evidence offered at the trial...." *Williams v. United States*, 179 F.2d 656, 659 (5th Cir.1950), *aff'd*, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1951).[3] It must also "be sufficiently definite that [the accused] shall not be again subjected to another prosecution for the same offense." *Id.* An indictment ordinarily may be amended "provided that the amendment does not violate the above requirements, and provided that any evidence defendant had before the amendment would be equally available to him after the amendment." *Id.* Accordingly, amendments that are merely a matter of form are freely permitted. *Id; Russell v. United States*, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962). Matters of form include amendments to "correct a misnomer." 1 C. Wright, Federal Practice and Procedure § 127, at 420 (2d ed. 1982); *see United States v. Janoe*, 720 F.2d 1156, 1160 & n. 8 (10th Cir.1983), *cert. denied*, — U.S. —, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984) (citing cases).

■ Two circuits have directly faced the issue we now address, whether the amendment of an indictment charging a violation of 18 U.S.C. § 2113 (1982) to replace the words "Federal Deposit Insurance Corporation" with the words "Federal Savings and Loan Insurance Corporation" was proper. *See Janoe, supra; United States v. Radowitz*, 507 F.2d 109 (3d Cir.1974). *Cf. United States v. Hoke*, 610 F.2d 678 (9th Cir.1980). Both concluded that the amendment was a matter of form and was thus proper. We agree. None of the reasons for requiring an indictment to be definite counsel us to find the amendment improper. The amendment did not affect the defendant's preparation or presentation of his defense and did not threaten double jeopardy concerns. We accordingly uphold the validity of the indictment as amended and presented to the trial jury.

As we have found no reversible error, Johnson's conviction is

AFFIRMED.

---

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.