[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11216
Non-Argument Calendar

_____

D. C. Docket No. 05-14052-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELISSA MARIE HOFFPAUIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 12, 2006)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Melissa Marie Hoffpauir appeals her convictions for one count of attempting to manufacture five or more grams of methamphetamine, one count of possessing pseudoephedrine with the intent to manufacture methamphetamine, and one count of possessing with intent to distribute five grams or more of methamphetamine. 21 U.S.C. §§ 846, 841(c)(1), 841(a)(1). Hoffpauir argues the district court erred when it (1) admitted testimony regarding an anonymous letter sent to the Port St. Lucie Police Department (PSLPD), and (2) refused to give a jury instruction on "mere presence." We affirm her convictions.

## I. STANDARD OF REVIEW

We review a district court's evidentiary rulings for abuse of discretion and questions of constitutional law *de novo*. *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 732 (2005); *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004). A district court's refusal to give a jury instruction requested by the defense is reviewed for abuse of discretion. *United States v. Dulcio*, 441 F.3d 1269, 1275 (11th Cir. 2006).

## II. DISCUSSION

A.    *The District Court Did Not Abuse Its Discretion When It Admitted Testimony Regarding the Anonymous Letter.*

Hoffpauir argues the admission of Agent Grenier's testimony that the PSLPD received an anonymous letter reporting a methamphetamine lab at

2

Hoffpauir's residence violated her rights under the Confrontation Clause. U.S. Const. Amend. VI; *Crawford v. Washington*, 124 S. Ct. 1354 (2004). The Confrontation Clause prohibits the admission of testimonial hearsay evidence at trial unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 124 S. Ct. at 1374. The Confrontation Clause does not, however, bar the use of non-hearsay testimonial statements. *Id*. at 1369 n.9.

The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Here, Agent Grenier's testimony regarding the anonymous letter was admitted to explain the reason police obtained a search warrant for Hoffpauir's residence, and not for the truth of the matter asserted. Such a statement, admitted for the limited purpose of establishing the background of an officer's actions, is not hearsay. *United States v. Johnson*, 741 F.2d 1338, 1340 n.2 (11th Cir. 1984); *United States v. Vitale*, 596 F.2d 688, 689 (5th Cir. 1979).[1] Accordingly, the evidentiary ruling of the district court was not an abuse of discretion.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*B.*     *The District Court Did Not Abuse Its Discretion When It Refused to Give Defendant's Proffered Jury Instruction.*

Hoffpauir next argues the trial court erred in refusing to give her requested jury instruction that her mere presence at the scene of the crime was insufficient to establish she participated in the crime.[2]  The denial of a defendant's requested jury instruction constitutes reversible error if the defendant can show the instruction: "(1) was a correct statement of the law; (2) was not adequately covered in the instructions given to the jury; (3) concerned an issue so substantive that its omission impaired the accused's ability to present a defense; and (4) dealt with an issue properly before the jury."  *United States v. Brazel*, 102 F.3d 1120, 1139 (11th Cir. 1997).

Hoffpauir's proposed instruction does not meet this test.  To convict Hoffpauir of intent to manufacture, the government had to prove she "knowingly and willfully intended to commit the offense of manufacturing methamphetamine." To convict her of possession of pseudoephedrine with the intent to manufacture methamphetamine, the government had to prove she "knowingly and intentionally

---

[2]  Hoffpauir's proposed jury instruction read:

> Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant participated in, directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the Defendant was a knowing participant and not merely a knowing spectator.

4

possessed pseudoephedrine . . . and had the intent to manufacture methamphetamine." And to convict her of possession with intent to distribute five grams or more of methamphetamine, the government had to prove she "knowingly or intentionally possessed methamphetamine . . . with the intent to distribute it." The district court's jury instructions correctly defined "knowingly" as doing an act "voluntarily and intentionally, and not because of mistake or accident." They also correctly stated that in order to find possession, the jury had to find Hoffpauir either had "direct physical control" of the substances or the "power and intention to . . . take control." These instructions are sufficient to preclude conviction for mere presence. *See United States v. Rojas, Sr.,* 537 F.2d 216, 219-220 (5th Cir. 1976). Accordingly, the district court did not abuse its discretion in refusing to give Hoffpauir's proposed jury instruction.

**AFFIRMED.**