[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16516

_____

D. C. Docket No. 05-60181-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GOMEZ ACCIME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2008)**

Before WILSON, COX and BOWMAN,[*] Circuit Judges.

PER CURIAM:

---

[*]Honorable Pasco Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Gomez Accime appeals his convictions by a jury on two counts of mail fraud, 18 U.S.C. § 1341, and two counts of making false statements in connection with immigration documents, id. § 1546(a), arguing that the evidence was insufficient to support his convictions, that the district court erroneously denied his motions for mistrial, and that the court improperly ruled on certain evidentiary matters. Accime also appeals his 96-month sentence, arguing that the district court improperly calculated his guidelines sentencing range and that his sentence was unreasonable. We affirm Accime's convictions and sentence.

We review the sufficiency of the evidence supporting a criminal conviction de novo, viewing the evidence in the light most favorable to the government, granting the government all reasonable inferences to be drawn from the evidence, and affirming if a reasonable jury could have returned a guilty verdict based on the evidence. United States v. Ramirez, 426 F.3d 1344, 1351 (11th Cir. 2005) (per curiam). To establish a violation of § 1341, the government was required to prove that Accime participated in a scheme to defraud and used the mails for the purpose of executing the scheme. To establish a violation of § 1546(a), the government was required to prove that Accime submitted an application required by the immigration laws or regulations knowing that such application contained a material

2

false statement.[1]

The evidence, including testimony from alien applicants and undercover officers, established that from approximately June 2004 through July 2005, Accime, as executive director of the Haitian-American Community Help Organization ("HACHO"), mailed more than 10,000 I-765 forms (Applications for Employment Authorization) to immigration authorities on behalf of his alien clients, on which forms Accime personally transcribed certain immigration status codes that Accime knew to be false. The evidence also established that Accime charged $450 for completing and filing each application, representing to the client that the application would be approved even though Accime knew the application would be rejected by immigration authorities. Accime argues that his immigration-document conviction is unsupported by the evidence because his purpose in filing the I-765 forms was to receive corresponding I-797 forms denying employment authorization, which the aliens would then use to obtain Florida driver's licenses. Accime's allegedly innocent motives in filing the false documents are irrelevant—§ 1546(a) does not require proof of specific intent, only proof that false statements were made knowingly. See United States v. Polar, 369 F.3d 1248, 1252

---

[1]The jury instructions included a requirement that the false statement be made "willfully." This error was harmless since the jury convicted Accime despite the higher standard of proof to which the government was held. See United States v. Polar, 369 F.3d 1248, 1252 (11th Cir. 2004) (rejecting willfulness as element of § 1546(a) violation).

(11th Cir. 2004) (rejecting willfulness as an element of a § 1546(a) violation). The evidence was sufficient to support Accime's convictions of mail fraud and making false statements in connection with immigration documents.

We review the district court's denial of Accime's motions for mistrial for abuse of discretion. Ramirez, 426 F.3d at 1353. Any prejudice Accime may have suffered due to Intelligence Specialist Larry Hill's testimony was cured by the court's instruction to the jury to disregard the objectionable comment. See id. at 1352 (noting that jury is presumed to follow court's instructions). The testimony of Special Agent James Wolynetz was properly admitted as background information to explain the origin of the HACHO investigation, see United States v. Johnson, 741 F.2d 1338, 1340 n.2 (11th Cir. 1984), cert. denied, 471 U.S. 1117 (1985), and provided no basis for a mistrial. The prosecutor's closing argument that it was not feasible to call all 10,000 alien victims of Accime's fraud was not objectionable and did not provide a basis for a mistrial because a prosecutor is permitted to rebut defense counsel's attacks on the government's conduct of the case if necessary to remove any taint cast upon the government. See United States v. Avery, 760 F.2d 1219, 1224 (11th Cir. 1985), cert. denied, 474 U.S. 1055 (1986). In short, the district court did not abuse its discretion by denying Accime's multiple motions for

mistrial.[2]

We review the district court's evidentiary rulings for abuse of discretion. See Ramirez, 426 F.3d at 1354. Cumulative error may result from improper evidentiary rulings if a defendant's substantial rights are affected, id. at 1353, but there can be no cumulative error if there is no individual error, United States v. Waldon, 363 F.3d 1103, 1110 (11th Cir.) (per curiam), cert. denied, 543 U.S. 867 (2004). Here, the district court did not abuse its discretion by permitting Special Agent Christopher Durant to testify regarding his undercover attempts to obtain a green card from HACHO because such testimony was neither unduly prejudicial nor irrelevant. The district court properly rejected Accime's attempt to testify regarding what immigration authorities had told deceased HACHO employee James Louis Deckle about the immigration status codes to be entered on the I-765 forms. This testimony did not fall under an exception to the hearsay exclusion; it did not reflect Accime's "then existing state of mind" because Accime was not the declarant. Fed. R. Evid. 803(3). In sum, we hold that the district court's evidentiary rulings were not an abuse of its discretion.[3]

---

[2]We decline to consider Accime's arguments alleging several hearsay violations under Crawford v. Washington, 541 U.S. 36 (2004), because Accime did not raise these arguments before the district court. See United States v. Dupree, 258 F.3d 1258, 1259 (11th Cir. 2001) (noting that appellate court has discretion to consider arguments first raised on appeal).

[3]Because Accime neglected to present any meaningful argument in connection with his references to Rule 801(d)(2) of the Federal Rules of Evidence, we consider the issue abandoned.

We review a district court's interpretation and application of the sentencing guidelines de novo, and we review the court's factual findings related thereto for clear error. Polar, 369 F.2d at 1255. Accime first argues that pursuant to a cross-reference in the § 2B1.1 general fraud guideline, the district court was required to calculate his advisory guidelines sentence using § 2L2.1, the immigration document offense guideline, because his convictions involved falsified immigration documents. U.S.S.G. § 2B1.1(c)(3)(C) (2005). The § 2B1.1(c)(3)(C) cross-reference requires application of another guidelines section only when "the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline." Commentary to this section further instructs that the cross-reference applies when a "defendant is convicted of a general fraud statute, and the count of conviction establishes an offense involving fraudulent conduct that is more aptly covered by another guideline." Id. § 2B1.1 cmt. n.15. In the circumstances of this case, we conclude that the district court properly calculated Accime's sentence using § 2B1.1. Accime was convicted of defrauding thousands of his alien clients by charging each $450 to complete and submit application forms for work permits that Accime knew would be rejected. The crux of Accime's scheme was to defraud his clients, even if the method by which he

See Fed. R. App. P. 28(a)(9); Flanigan's Enters., Inc. v. Fulton County, Ga., 242 F.3d 976, 987 n.16 (11th Cir. 2001) (per curiam), cert. denied, 536 U.S. 904 (2002).

achieved this goal was the submission of falsified immigration documents. We conclude that in this case, § 2B1.1 was the applicable guideline.

We also conclude that the district court properly calculated Accime's advisory guidelines sentence taking into account relevant acquitted conduct that the government proved by a preponderance of the evidence. See United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir.), cert. denied, 546 U.S. 940 (2005). The district court's consideration of Accime's acquitted conduct did not violate the Sixth Amendment because Accime's sentence does not exceed what was authorized by the jury verdict. See id. Accime was sentenced to 96 months' imprisonment but could have been sentenced to up to 20 years' imprisonment for each mail-fraud conviction and up to 10 years' imprisonment for each immigration-document conviction without violating the Sixth Amendment. See 18 U.S.C. §§ 1341, 1546(a).

The district court did not clearly err in determining that Accime was responsible for a $3.2 million loss amount based on the records seized from HACHO revealing that Accime filed over 10,000 work-permit applications and that he generally charged $450 per application. See United States v. Walker, 490 F.3d 1282, 1300 (11th Cir. 2007) (observing that "reasonable estimate of the loss amount" is permissible), cert. denied, 76 U.S.L.W. 3492 (U.S. Mar. 17, 2008) (No.

7

07-749). Accime is not entitled to offset this loss amount by the costs incurred in running his scheme. See U.S.S.G. § 2B1.1 cmt. n.3(D) (enumerating permissible exclusions from loss amount) and cmt. n.3(E) (enumerating permissible credits against loss amount); United States v. Marvin, 28 F.3d 663, 664–65 (7th Cir. 1994) (reasoning that costs of running a fraudulent scheme are not legitimate business expenses to reduce loss amount).

The district court properly denied Accime a two-level decrease in his base-offense level for acceptance of responsibility because this was not the "rare situation[]" in which a defendant who puts the government to its burden of proof at trial is nevertheless entitled to the decrease. U.S.S.G. § 3E1.1, cm. n.2. Nor did the court err by imposing a four-level increase in Accime's base-offense level based on Accime's leadership role in an "otherwise extensive" operation continuing for over a year and involving 10,000 applications and $3.2 million in proceeds. U.S.S.G. § 3B1.1(a); see United States v. Holland, 22 F.3d 1040, 1046 (11th Cir. 1994) (noting that factors relevant to the extensiveness determination include the length and scope of the criminal activity), cert. denied, 513 U.S. 1109 (1995).

Finally, we conclude that the district court's 96-month sentence was not unreasonable. As noted above, the court properly calculated an advisory guidelines range of 168 to 210 months' imprisonment, ultimately imposing a

8

sentence below that range after considering the 18 U.S.C. § 3553(a) factors.  See

Gall v. United States, 128 S. Ct. 586, 594 (2007) (directing appellate courts to

review the reasonableness of sentences under abuse-of-discretion standard).

For the foregoing reasons, we **affirm** Accime's convictions and sentence.